NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ, | No. 18-17064 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00716-DAD-JLT |
| v. | MEMORANDUM* |
| C. CRYER, CEO; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 14, 2020**

Before:      CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner Marino Antonio Hernandez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment on Hernandez's deliberate indifference claims against defendants Kokor and Stronach because Hernandez failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to his chronic pain and constipation. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see id*. at 1058 ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health[.]" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Hernandez's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because Hernandez demonstrated no basis for such relief. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (setting forth standard of review and the bases for reconsideration under Rule 59(e)).

The district court did not abuse its discretion by denying Hernandez's motions for appointment of counsel because Hernandez failed to demonstrate

"exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

Contrary to Hernandez's contention that he was not properly advised of the requirements for opposing summary judgment, the record shows that defendants provided Hernandez with the required *Rand* notice. *See Rand v. Rowland*, 154 F.3d 952, 961-62 (9th Cir. 1998).

**AFFIRMED.**